IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02191-BNB

COREY BURGESS,

    Plaintiff,

v.

CHARLES A. DANIELS (individual/official),
PAUL M. LAIRD, (individual/official),
CHARLES E. SAMUELS, (individual/official),
MATT THOMPSON, (individual/official),
C.O. EXINA (individual/official),
PAUL A. KASTNER (individual/official),
J. A. KELLER (individual/official),
ERIC HOLDER (individual/official), and
U.S. D.O.J./F.B.O.P. (individual/official),

    Defendants.

---

ORDER DENYING MOTION FOR TRANSFER AND
DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Corey Burgess, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Texas. Mr. Burgess, acting *pro se*, filed a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and numerous statutes, for money damages among other relief, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). On August 19, 2013, he was granted leave to proceed *in forma pauperis* pursuant to § 1915. *See* ECF No. 4.

    On August 22, 2013, Mr. Burgess filed a "Motion for Leave to File an Amended

Complaint" (ECF No. 5) "to include more and different facts, and/or add new legal claims." ECF No. 5 at 1. In the motion to amend, he also asserted that, since the filing of the complaint, he had determined that "the proper venue for filing this complaint is either the Northern District, or Eastern, or Western District of Oklahoma, where the claims initially arose." ECF No. 5 at 1-2.

Five days later, on August 27, 2013, Mr. Burgess filed a combination "Motion for Change of Venue and Objection to Magistrate [Judge']s IFP Order" (ECF No. 6). In the motion for change of venue, Mr. Burgess asks for the instant action to be transferred to the Western District of Oklahoma, which he alleges is the proper venue for the events giving rise to his claims. He also objects to the order granting him leave to proceed pursuant to § 1915 because he contends this Court has no jurisdiction over the subject matter of the complaint he filed in this Court. The objection will be addressed in a separate order.

The Court must construe Mr. Burgess's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for change of venue will be denied.

Although Mr. Burgess's first and second claims appear to concern events that arose in Oklahoma, his third claim appears to concern events that arose both in Colorado and in Oklahoma. In his fourth claim, he is suing the wardens of the Oklahoma City, Oklahoma, and Florence, Colorado, facilities where he has been or is incarcerated, as well as grievance officers in Dallas, Texas, and Washington, D.C., for

2

denying grievances, and the attorney general in Washington, D.C.

Title 28 U.S.C. § 1391(b) sets forth the rules that govern venue in federal courts. In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court notes that Mr. Burgess has named as Defendants residing in Oklahoma, Colorado, Texas, Kansas, and the District of Columbia, and alleges the events or omissions giving rise to his claims occurred in Oklahoma and Colorado. Therefore, Mr. Burgess's allegations are insufficient to establish proper venue for this entire lawsuit in the Western District of Oklahoma.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that some of the claims in the Complaint could have been brought in the Western District of Oklahoma, and some could have been brought in the

3

District of Colorado.  The statute of limitations does not appear to be an issue because Plaintiff's claims arose in November 2012.  *Bivens* actions are "subject to the statute of limitations of the general personal injury statute in the state where the action arose." *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994).  Oklahoma provides a two-year statute of limitations for such actions. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (observing a two-year statute of limitations period for 42 U.S.C. § 1983 claims under Oklahoma law); *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (same regarding *Bivens* claims).  So does Colorado.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (two-year statute of limitations applies to § 1983 claims brought in Colorado); *Adams v. Wiley*, 398 Fed. App'x 372, 373 (10th Cir. 2010) (same for *Bivens* claims).

Therefore, the Court finds that it would not be in the interest of justice to transfer this case to the Western District of Oklahoma.  Instead, Mr. Burgess may initiate a new and separate action in the Western District of Oklahoma, or any other district he thinks is appropriate.  Mr. Burgess also will be directed to file an amended complaint in the instant action that only asserts claims appropriate in the District of Colorado.

Mr. Burgess is suing improper parties.  He may not sue the Department of Justice or the BOP in a *Bivens* action.  It is well-established that "[a]s a sovereign, the United States 'is immune from suit save as it consent to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" *Lee v. United States*, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting *United States v. Sherwood*, 313 U.S. 584, 586 (1941)).  "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere

4

with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted). *Hensel v. Office of the Chief Administrative Hearing Officer*, 38 F.3d 505, 509 (10th Cir.1994). Sovereign immunity is a jurisdictional bar to suit. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

Personal participation is an essential element of a *Bivens* action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976). Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisors, such as wardens and the Attorney General, can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[*Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Burgess appears to be suing grievance officers whose only apparent involvement in the alleged constitutional violations was to deny a grievance. Such allegations are not sufficient to hold a defendant liable under *Bivens*. The denial of a grievance, by itself without any connection to the violation of constitutional rights alleged

by plaintiff, does not establish personal participation in the alleged constitutional violations. *See Arocho v. Nafziger*, 367 F. App'x 942, 955 (10th Cir. 2010), citing *Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009).

Mr. Burgess may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Burgess uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Burgess will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Burgess fails to clarify which claims are asserted pursuant to which statute. The complaint is verbose, redundant, disorganized, and vague. Mr. Burgess asserts claims of cruel and unusual punishment based on allegedly being subjected to excessive force (claim one); that his due process rights were violated by the disciplinary process following an incident report he received for assault (claim two); that his due process rights were violated by the grievance process (claim three) and one claim that is difficult to understand (claim four).

In order to state a claim in federal court, Mr. Burgess "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Burgess will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court

finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Burgess will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  Mr. Burgess must provide the full address for each named defendant.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that the motion filed on August 27, 2013 (ECF No. 6), is denied to the extent Plaintiff, Corey Burgess, seeks a change of venue.  It is

FURTHER ORDERED that the objection filed on August 27, 2013 (ECF No. 6) will be addressed in a separate order.  It is

FURTHER ORDERED that the motion for leave to file an amended complaint filed on August 27, 2013 (ECF No. 5), is denied as unnecessary.  It is

FURTHER ORDERED that Plaintiff file **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that only asserts claims appropriate in the District of Colorado and complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court as discussed in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the Court may dismiss some of the Defendants and claims without further notice for the reasons discussed in this order.

DATED September 4, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge