IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02191-BNB

COREY BURGESS,

    Plaintiff,

v.

CHARLES A. DANIELS (individual/official),
PAUL M. LAIRD, (individual/official),
CHARLES E. SAMUELS, (individual/official),
MATT THOMPSON, (individual/official),
C.O. EXINA (individual/official),
PAUL A. KASTNER (individual/official),
J. A. KELLER (individual/official),
ERIC HOLDER (individual/official), and
U.S. D.O.J./F.B.O.P. (individual/official),

    Defendants.

ORDER TO DISMISS IN PART AND DRAW CASE
TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

    Plaintiff, Corey Burgess, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado.  Mr. Burgess, acting *pro se*, filed a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and numerous statutes, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  The Complaint seeks, among other relief, money damages and expungement of an incident report. On August 19, 2013, Mr. Burgess was granted leave to proceed *in forma pauperis* pursuant to § 1915.  See ECF No. 4.

On August 22, 2013, Mr. Burgess filed a "Motion for Leave to File an Amended Complaint" (ECF No. 5) "to include more and different facts, and/or add new legal claims." ECF No. 5 at 1. In the motion to amend, he also asserted that, after filing the complaint, he had determined that "the proper venue for filing this complaint is either the Northern District, or Eastern, or Western District of Oklahoma, where the claims initially arose." ECF No. 5 at 1-2.

Five days later, on August 27, 2013, Mr. Burgess filed a combination "Motion for Change of Venue and Objection to Magistrate [Judge']s IFP Order" (ECF No. 6). In the motion for change of venue, Mr. Burgess asked for the instant action to be transferred to the Western District of Oklahoma, which he alleged was the proper venue for the events giving rise to his claims. He also objected to the order granting him leave to proceed pursuant to § 1915 because he contended that this Court had no jurisdiction over the subject matter of the complaint he filed in this Court.

On September 3, 2013, the Court overruled the August 27 motion to the extent it objected to the order granting him leave to proceed pursuant to § 1915. *See* ECF No. 7. On September 4, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 8) denying the motion for transfer, directing Mr. Burgess to initiate a new and separate action in the Western District of Oklahoma or any other district he thought was appropriate, and directing him to file within thirty days an amended complaint in the instant action that only asserted claims appropriate in the District of Colorado and that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court. The September 4 order warned Mr. Burgess that if he failed to file a second and final amended Prisoner

Complaint as directed within the time allowed, the Court may dismiss some of the Defendants and claims without further notice for the reasons discussed in the order. On September 18, 2013, the Court entered an order (ECF No. 12) overruling the objection.

On September 24, 2013, instead of filing the amended complaint as directed, Mr. Burgess appealed the September 3 and 18 orders overruling his objections to the United States Court of Appeals for the Tenth Circuit. See ECF Nos. 7 and 12. On September 27, 2013, the Tenth Circuit ordered Mr. Burgess to show cause in writing within twenty-one days why his appeal should not be dismissed for lack of appellate jurisdiction because he is appealing from nonfinal orders. See ECF No. 16.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). However, courts of appeals generally have no jurisdiction to review district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291. *Stewart*, 915 F.2d at 574.

Mr. Burgess may not appeal from the September 3 and 18 orders overruling his objections because they are not final orders under § 1291. Furthermore, although not specifically requested by Mr. Burgess, the Court will not certify the September 3 and 18 orders in this action for an interlocutory appeal because the orders do not involve a controlling question of law as to which there is substantial ground for difference of opinion. See 28 U.S.C. § 1292(b).

3

"If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976). "Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir.), *cert. denied*, 409 U.S. 1039 (1972). Because Mr. Burgess may not appeal from the nonfinal September 3 and 18 orders, the Court will ignore the notice of appeal and proceed with the case.

The Court must construe liberally the Prisoner Complaint Mr. Burgess filed because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed in part.

The Court will dismiss Mr. Burgess's first claim, alleging cruel and unusual punishment, because it asserts claims inappropriate to raise in the District of Colorado. *See* ECF No. 1 at 7-13. The Court will address Mr. Burgess's second claim asserting a due process violation stemming from an incident report--No. 237354--he received for assault without serious injury, a Code 224A violation, while being escorted to an X-ray room for tuberculosis screening. *See* ECF No. 1 at 14-24.

As his second claim, Mr. Burgess alleges that the events giving rise to the incident report occurred on November 8, 2012, during his temporary confinement at the Federal Transfer Center in Oklahoma, prior to his transfer to the United States Penitentiary in Colorado on November 16, 2012. Mr. Burgess complains that the

incident report was not issued within twenty-four hours and he was not served with a copy of the report until November 21, 2012. *See* ECF No. 1, attachment at 2. He contends that he cannot be transferred in the middle of an investigation concerning the incident report. He further complains that his due process rights were violated by the failure to inform him of the nature of the accusation, allow him to confront witnesses against him and obtain witnesses in his favor, and have assistance of counsel, among other alleged due process violations. As relief he seeks damages and expungement of the incident report.

Because Mr. Burgess is challenging the basis for and validity of his disciplinary conviction, the second claim must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. This rule also is applicable to prison disciplinary convictions. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Mr. Burgess does not allege, and nothing in the Court file indicates, he has invalidated his disciplinary conviction. Mr. Burgess must file a habeas corpus application after exhaustion of administrative remedies insofar as he seeks to expunge the disciplinary conviction from his prison record and if he seeks to restore lost good-conduct-time credits. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (habeas corpus proper remedy for prisoner seeking relief resulting in reinstatement of good-time credits); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam)

(same).  The second claim will be dismissed.

In his third claim, which also asserts a due process violation, Mr. Burgess appears to be suing Paul A. Kastner, warden at the Federal Transit Center in Oklahoma; Charles A. Daniels, warden at the United States Penitentiary in Florence; and Paul M. Laird, BOP regional director of the North Central Regional Office, because his in-transit period during his transfer from Oklahoma to Colorado separated him from the documents he needed to prepare an administrative appeal from his disciplinary conviction.  *See* ECF No. 1 at 25-31.  This claim against these three Defendants only will be drawn to a district judge and magistrate judge.

As his fourth and final claim, Mr. Burgess makes vague and conclusory allegations concerning Defendants' alleged failure to assess him for transfer to a residential re-entry or community corrections facility, refusal to give him a disciplinary hearing before a discipline hearing officer on pending disciplinary reports, and various other alleged constitutional violations pertaining to his rights to free speech, petition for redress of grievances, and access the courts.  *See* ECF No. 1 at 32-36.  It is unclear whether Mr. Burgess bases claim four on the denial of grievances.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation" in a civil rights action.).  Because the basis for Mr. Burgess's fourth claim is unclear, the claim will be dismissed for failure to comply with Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that claim one is dismissed without prejudice because it raises claims

inappropriate in the United States District Court for the District of Colorado.  It is

FURTHER ORDERED that claim two is dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).  It is

FURTHER ORDERED that claim four is dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

ORDERED that claim three, asserted against Paul A. Kastner, warden at the Federal Transit Center in Oklahoma; Charles A. Daniels, warden at the United States Penitentiary in Florence; and Paul M. Laird, BOP regional director of the North Central Regional Office, and the action are drawn to a district judge and a magistrate judge.  It is

FURTHER ORDERED that any Defendants other than Messrs. Kastner, Daniels, and Laird are dismissed as parties to this action.  Therefore, the following Defendants are dismissed as parties and the caption is amended to delete them:  Charles E. Samuels, Matt Thompson, C.O. Exina, J. A. Keller, Eric Holder, and U.S. D.O.J./F.B.O.P.

DATED at Denver, Colorado, this  21st  day of     October         , 2013.

BY THE COURT:


   s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK,
Senior Judge, United States District Court