IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02191-PAB-CBS

COREY BURGESS,

     Plaintiff,

v.

CHARLES A. DANIELS,
PAUL A. KASTNER, and
PAUL M. LAIRD,

     Defendants.

---

**ORDER**

---

     This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 60] issued on May 8, 2014.  The

magistrate judge recommends that the Court grant the Motion for Summary Judgment

[Docket No. 40] filed by defendant Charles Daniels,[1] deny the Motion for Default

Judgment [Docket No. 56] filed by plaintiff Corey Burgess, and dismiss plaintiff's

complaint without prejudice.  Docket No. 60 at 15.

     On June 20, 2014, plaintiff filed two documents.  The first is entitled "Objections

to Magistrate's Order Granting Defendant's Motion for Summary Judgment and

Denying Plaintiff's Motion for Entry of Default Judgment" (the "objection") and is 56

pages in length.  *See* Docket No. 67 at 1-45; Docket No. 67-1 at 1-11.  The second is

---

[1]All references to "defendant" are to defendant Charles Daniels unless otherwise
indicated.

entitled "Reply to Defendant's Motion for Default Judgment, Alternatively Objections to Magistrates [sic] F/R" (the "reply") and is 31 pages in length. *See* Docket No. 67-1 at 12-43. The Court will consider each filing in turn.

## I. ANALYSIS[2]

### A.  Objection

Plaintiff's objection is timely. *See* Docket No. 65. However, even taking into account the fact that plaintiff's filing is handwritten, plaintiff's 56 page objection clearly exceeds the page limits imposed by this Court's Practice Standards. *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.A ("All . . . objections (including objections to the recommendations or orders of United States Magistrate Judges) . . . shall not exceed **fifteen pages**. . . . Replies shall not exceed **ten pages**."). Thus, the first issue is whether plaintiff's objection should be stricken for failure to comply with this Court's Practice Standards. Plaintiff, as a pro se litigant, is not excused from complying with the Court's Practice Standards. Nonetheless, in light of plaintiff's pro se status, the Court must liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991). In this case the Court finds that striking plaintiff's filing in its entirety is too harsh a sanction for violating this Court's Practice Standards.

Given that plaintiff has filed a timely objection, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, while plaintiff's objection was timely, "a party's objections

---

[2]The underlying facts are set forth in the Recommendation and will not be restated here. Docket No. 60 at 2-6.

to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue of de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added).  To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").[3]

Plaintiff's objection raises several arguments that do not concern the Recommendation currently before the Court and do not trigger the right to de novo review under Rule 72(b)(3).  For example, plaintiff seeks to relitigate issues already decided in the Order to Dismiss in Part and Draw Case to a District Judge and Magistrate Judge [Docket No. 17].  *See, e.g.*, Docket No. 67 at 1-17, 31.  Plaintiff

---

[3]This rule, however, does not apply when (1) a pro se litigant has not been informed of the time period for objecting or when (2) the "interests of justice" require review.  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citation omitted).  Neither exception applies here.  The Recommendation advised plaintiff of the deadline to respond and the need to file "specific" objections.  Docket No. 60 at 15-16. To the extent plaintiff fails to clearly challenge specific aspects of the Recommendation, he is not entitled to an interests of justice exception.  *See 2121 East 30th St.*, 73 F.3d at 1060 ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies" underlying the firm waiver rule).

asserts that the magistrate judge improperly granted defendant leave to file a motion for summary judgment on the issue of failure to exhaust administrative remedies [Docket No. 39] and that the magistrate judge erred in resolving other matters that do not bear any relation to the Recommendation. *See, e.g.*, Docket No. 67 at 24-27, 31. Plaintiff argues that the magistrate judge, during a February 20, 2014 status conference, and the district court were biased against plaintiff, but fails to cite specific examples relating to the Recommendation. *Id.* at 23-26, ¶¶ 35, 39. Plaintiff makes several arguments related to the merits of his claims, which are not currently at issue. *See, e.g.*, *id.* at 23, 29.[4] Other objections are too general so as to identify specific issues for de novo review. *See, e.g.*, Docket No. 67 at 30, ¶ 45 ("Defendants failed to properly support its assertion of fact and fails to properly address Plaintiff's assertion(s) of facts, as required by Rule 56(c)."). To the extent plaintiff fails to properly object to issues raised by the Recommendation, plaintiff's objection is overruled.

Plaintiff argues that he was not given an opportunity to file a response to defendant's motion for summary judgment. Docket No. 67 at 26-28. However, plaintiff fails to take into account the fact that his response to defendant's motion for leave to file a summary judgment motion incorporated substantive responses to defendant's motion for summary judgment, which was attached to defendant's motion for leave to file, and also the fact that plaintiff filed an affidavit in support of his opposition to defendant's summary judgment motion that same day. *See* Docket Nos. 35, 36.

---

[4]Although plaintiff appears to claim that defendant failed to raise the exhaustion defense in a responsive pleading, defendant has yet to file a responsive pleading, instead requesting leave to file a motion for summary judgment on the issue of administrative exhaustion. Docket No. 30.

Moreover, plaintiff does not indicate what additional arguments he was precluded from raising. The Court does not find that plaintiff was prohibited from meaningfully responding to defendant's motion for summary judgment and will overrule that aspect of plaintiff's objection.

Ultimately, however, the Court need not parse plaintiff's voluminous objection to determine whether it is sufficient to preserve de novo review. Even under that standard, the Court finds no error in the Recommendation's conclusion that plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") directs that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement is an affirmative defense, which defendant bears the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). A remedy is not exhausted if the prisoner fails to follow prison procedures for pursuing administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). The Supreme Court has interpreted the PLRA as requiring prisoners "to exhaust prison grievance procedures *before filing suit*." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (emphasis added). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. This requirement is consistent with the purpose of the PLRA to "eliminate unwarranted federal-court interference with the administration of prisons" and "'affor[d] corrections officials time and opportunity to address complaints

internally before allowing the initiation of a federal case.'" *Woodford*, 548 U.S. at 93

(quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)).  Exhaustion of administrative

remedies under the PLRA is a question of law for the Court to decide.  *Drippe v.*

*Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).[5]

Plaintiff's sole remaining claim (claim three) in this case is that defendants

violated his Fifth Amendment right to due process by interfering with plaintiff's ability to

access the administrative grievance process related to an alleged assault that took

place on November 8, 2012 while he was at the Federal Transfer Center in Oklahoma

City, Oklahoma.  Docket No. 17 at 6.  After the alleged assault, the Bureau of Prisons

transported plaintiff to the United States Penitentiary in Florence, Colorado ("USP-

Florence").  *Id.*  On November 16, 2012, plaintiff arrived at USP Florence from

Oklahoma.  Docket No. 40-1 at 5.  Plaintiff claims that defendant, after plaintiff arrived

at USP-Florence, was aware that plaintiff did not have access to the documents

necessary for him to initiate the administrative grievance process while he was in transit

to USP-Florence, yet defendant nevertheless denied AR 715831, plaintiff's

_____

[5]The United States Department of Justice, Federal Bureau of Prisons ("BOP") administrative process to redress inmate grievances is codified at 28 C.F.R. §§ 542.10 *et seq*. and sets out a four-level process.  The first level is informal resolution with prison staff.  28 C.F.R. § 542.13(a).  Requests for Informal Resolution Forms are not assigned a remedy identification number and are not tracked. If unable to resolve the complaint informally, the inmate may then submit an administrative remedy request to the Warden (a BP-9 request).  28 C.F.R. § 542.14.  At this second level, the requests are assigned a remedy identification number and an F-1 extension.  The third level of the administrative process involves filing an appeal at the regional level (a BP-10 request), which is assigned an R-1 extension.  *See* 28 C.F.R. § 542.15(a).  The fourth and final level of appeal is to the Director of National Inmate Appeals in the Office of the General Counsel in Washington, D.C. (a BP-11 request) and is assigned an A-1 extension.  *See* 28 C.F.R. § 542.15(a).

administrative remedy request ("AR"), as untimely.  Docket No. 17 at 6; Docket No. 1 at 25; *see also* Docket No. 67 at 33 ("Plaintiff's <u>Bivens</u> action is pursuant to his attempts to exhaust administrative remedies from incident of assault/battery/denial of medical treatment [at USP Florence], which arose at FTC Oklahoma.").

In order to determine whether plaintiff has exhausted his administrative remedies as to his third claim, the Court will first identify plaintiff's administrative remedy requests that are both (1) exhausted and (2) were initiated after arriving at USP Florence, but exhausted before this suit was filed on August 14, 2013.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under [the] PLRA for failure to exhaust his administrative remedies.").

Defendant submits a declaration from Kara Lundy, senior attorney at the BOP, who states that she is familiar with the four levels of the administrative grievance procedure and has access to records of administrative remedy requests submitted by inmates and maintained in the BOP's national database.  Docket No. 40-1 at 1.  Ms. Lundy attaches to her declaration a list of the 186 administrative remedy requests that plaintiff has filed while an inmate in the BOP.  *See id.* at 15-109.  Her declaration includes a table of those administrative remedy requests that plaintiff has filed since his arrival at USP-Florence in November 2012 and Ms. Lundy's opinion as to whether such requests are exhausted.  *Id.* at 5-8.

Plaintiff generally challenges Ms. Lundy's declaration.  Plaintiff first argues that Ms. Lundy does not have personal knowledge of events alleged in the complaint and that her statements are immaterial to his claims.  Docket No. 67 at 18.  However, Ms.

7

Lundy's declaration is not directed at the merits of plaintiff's claims, but instead addresses only the issue of administrative exhaustion, which is the subject of defendant's motion.  Plaintiff also claims that Ms. Lundy is not qualified to convey information related to administrative exhaustion because she is not the "Administrative Remedy Coordinator."  Ms. Lundy states that she has access to the relevant administrative records and that her declaration is based on her personal knowledge of such records, which establishes sufficient foundation for the statements contained in her declaration regardless of whether she holds the title of "Administrative Remedy Coordinator."  Moreover, Ms. Lundy's declaration establishes sufficient foundation under Fed. R. Evid. 803(6) for the Court to conclude that the attached administrative records are admissible under Rule 803(6).  *See* Docket No. 40-1 at 1-2, 4, ¶¶ 2, 8; *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999) ("Rule 803(6) requires that the custodian or other qualified witness testify that (1) the records were made contemporaneously with the events and 'kept in the course of a regularly conducted business activity,' and (2) 'it was the regular practice of that business activity to make the [record].'" (quoting Fed. R. Evid. 803(6)).[6]  Plaintiff's objections to Ms. Lundy's declaration are overruled.

According to the summary submitted by defendant, and the underlying records themselves, five administrative remedies meet the criteria identified above:

---

[6]Because the attached records are admissible under Rule 803(6) and were provided to plaintiff for review, *see generally* Docket No. 40-1, the Court finds that Ms. Lundy's summary chart is admissible pursuant to Fed. R. Evid. 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs . . . .").

Administrative Remedies 717106, 719701, 732046, 732122, and 736057.  Docket No.

40-1 at 5-8.[7]  Plaintiff's objection does not appear to dispute this.  Having identified five

administrative remedies that meet the aforementioned criteria, the Court turns to the

question of whether any of the identified remedies have satisfied § 1997e(a)'s

exhaustion requirement for plaintiff's remaining claim.  In the Tenth Circuit, a prisoner

satisfies § 1997e(a)'s exhaustion requirement so long as the administrative grievance

provides prison officials with enough information to investigate and resolve his or her

complaint.  *Kikumura v. Osagie*, 461 F.3d 1269, 1284 (10th Cir. 2006), *overruled in part*

*on other grounds by Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242,

1246-47 (10th Cir. 2008).  A prisoner's duty to exhaust administrative remedies,

therefore, is fulfilled when prison officials are given adequate notice of the nature of his

complaint.  *Id*.  For plaintiff to have exhausted his administrative remedies as to his

remaining claim, his administrative grievances must have "provide[d] prison officials a

fair opportunity to investigate and resolve the complaint internally even [if plaintiff did

not] specifically identify[] [defendants]."  *Kikumura*, 461 F.3d at 1284.  Defendant

asserts that none of the exhausted administrative remedies raise issues related to

interference with the administrative process.  Docket No. 40 at 8 (citing Docket No. 40-1

at 9, ¶¶ 14-15.  On this point, plaintiff fails to make a colorable argument or identify any

---

[7]Although plaintiff appears to rely on AR 727723 in his objection, *see* Docket No.
67 at 39, AR 727723 was not exhausted.  Docket No. 40-1 at 6.  Plaintiff's initial AR
727723 filing appears to have been rejected for failure to properly file it through the "unit
team," a finding with which subsequent levels of appeal concurred.  Docket No. 40-1 at
63, 69, 75; *see also Woodford*, 548 U.S. at 95.

evidence to create a genuine dispute of material fact.[8]  The Court therefore concludes

that plaintiff failed to exhaust administrative remedies with respect to his Fifth

Amendment claim.

Plaintiff's primary argument concerns AR 715831, which contained allegations

concerning the alleged assault at the Federal Transit Center in Oklahoma.  Docket No.

36 at 15.  Plaintiff argues that, because he was hindered in exhausting AR 715831, he

should be excused from exhausting remedies related to his Fifth Amendment claim.

Docket No. 67 at 37.  In *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011), the

Tenth Circuit found that prisoners were exempt from the PLRA's exhaustion

requirements so long as an administrative remedy is not "available."  The Tenth Circuit

explained that an administrative remedy is not available under the PLRA if "prison

officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the]

administrative remedy."  *Id*. (citation omitted).  Based on this principle, the Tenth Circuit

stated that, before finding that a prisoner failed to exhaust administrative remedies,

courts must ensure that a failure to exhaust was not the result of "action or inaction of

prison officials."  *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007);

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (holding that a prison

official's failure to respond to a grievance within the prescribed time limit renders an

administrative remedy unavailable).  Whatever hindrance plaintiff encountered in

exhausting AR 715831 cannot properly be considered a hindrance in exhausting

---

[8]Moreover, as the Recommendation correctly pointed out, plaintiff's complaint alleges that his Fifth Amendment claim is a separate and subsequent violation from the events giving rise to AR 715831.  Docket No. 60 at 12.

remedies related to his Fifth Amendment claim.  First, plaintiff does not indicate, or

even clearly assert, that he attempted to file an administrative remedy that would have

given prison officials notice of the events underlying his Fifth Amendment claim.  Thus,

the Court cannot conclude that plaintiff suffered a hindrance similar to that alleged with

respect to AR 715831.

Second, even if plaintiff was hindered in completing AR 715831, plaintiff fails to

show that AR 715831 provided prison officials with notice of the basis for his Fifth

Amendment claim.  Plaintiff argues that his inability to exhaust remedies with respect to

AR 715831 should not be separated from his Fifth Amendment claim in this case.

Docket No. 67 at 34.  However, plaintiff's AR 715831 BP-9, received by the BOP on

December 17, 2012, states in its entirety:

> Staff assault/misconduct.  On November 8, 2012, I was assaulted with the
> use of excessive force by R/D Officer Exina and Medical (X-Ray) Thompson
> @ the Federal Transit Center in Oklahoma, when Thompson charged me
> and grabbed me by the neck for relieving myself of the aggressive hold and
> pull he administered against me because I refused an X-ray, which
> Thompson tried to force me to take.

Docket No. 36 at 15.[9]  Thus, plaintiff's BP-9 contains nothing that would put prison

officials on notice of the events underlying his Fifth Amendment claim.  Moreover,

plaintiff's third claim is premised on the allegation that defendant violated plaintiff's

rights by determining that the BP-9 was untimely.  Docket No. 1 at 25.  Plaintiff argues

that he asserted a valid reason for an extension of time, but that defendant's denial of

---

[9]It appears that plaintiff's BP-9 may have included an additional page of
handwritten explanation, but the copy attached to plaintiff's complaint is illegible.  *See*
Docket No. 36 at 16.  In any event, for the reasons discussed below, plaintiff's objection
does not identify what in his BP-9 submission would have placed prison officials on
notice of the conduct underlying his Fifth Amendment claim.

plaintiff's request for an extension was, among other things, an abuse of discretion, failure to obtain facts, erroneous application of law or policy, and motivated by personal bias. *Id.* at 26.[10]  Thus, according to plaintiff's own complaint, plaintiff was not denied the right to pursue AR 715831 until defendant judged his BP-9 untimely.  Plaintiff therefore could not have included sufficient allegations in the December 17, 2012 BP-9 request to put prison officials on notice of the actions underlying his Fifth Amendment claim because he had not yet experienced the denial of administrative recourse alleged in the complaint.

Plaintiff appears to argue that he raised issues related to his Fifth Amendment claim in appealing AR 715831.  Docket No. 67 at 28.  However, inmates are prohibited from raising new issues at subsequent levels of appeal.  28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings.").[11]  Thus, there is no evidence in the record that prison officials thwarted or otherwise hindered plaintiff's ability to exhaust his BOP administrative remedies with respect to the conduct forming the basis of his Fifth Amendment claim.  The Court therefore concludes that defendant is entitled to summary judgment on plaintiff's Fifth Amendment claim for

---

[10]As the magistrate judge noted, these arguments may be relevant to the issue of whether plaintiff exhausted those claims, now dismissed in this case, that relate to the alleged assault at the Federal Transit Center in Oklahoma.  However, these allegations, which constitute the substance of his due process claim, are insufficient to demonstrate exhaustion.

[11]Even considering the possibility that defendants Kastner's and Laird's allegedly wrongful conduct took place before plaintiff filed the subject BP-9 request, plaintiff's original BP-9 contains no such allegations.

failure to exhaust administrative remedies.[12]

## B. Reply

To the extent that Docket No. 67-1 is construed as a reply brief in support of plaintiff's motion for default judgment, it is untimely and will be stricken. *See* D.C.COLO.LCivR 7.1(d) ("The moving party may file a reply within 14 days after the date of service of the response, or such lesser or greater time as the court may allow.").[13]

In the alternative, even if the Court considers the reply, the Court overrules the objections to the magistrate judge's recommendation to set aside default against defendant Laird. Although styled, in part, as an objection to the Recommendation, plaintiff's reply fails to identify, or even mention, the Recommendation's conclusions with respect to plaintiff's motion for default judgment. Plaintiff again attempts to relitigate claims that have already been dismissed and primarily responds to arguments advanced in defendants' response brief. *See* Docket No. 67-1 at 23-24, 32-33. As such, the Court concludes that plaintiff has failed to preserve de novo review with respect to the Recommendation's conclusion that plaintiff's motion for default judgment should be denied. *See Thomas*, 474 U.S. at 147. The Court has reviewed this aspect of the recommendation and is otherwise satisfied that no clear error exists on the face

---

[12]As such, the Court need not address the Recommendation's conclusion that plaintiff failed to state a claim for violation of the Fifth Amendment. *See* Docket No. 60 at 13.

[13]Whether construed as a reply brief or an objection, plaintiff's 31-page reply [Docket No. 67-1 at 12-43] clearly exceeds the page limits imposed by this Court's Practice Standards, but, for the above-stated reasons, the Court will not strike plaintiff's filing in its entirety for failure to comply with the Court's practice standards.

of the record.  *See Summers*, 927 F.2d at 1167.  The Court will vacate the entry of default as to defendant Laird.  To the extent plaintiff asserts a claim against defendant Laird in his official capacity, the Court lacks subject matter jurisdiction for the reasons stated in the Recommendation and will dismiss such claim sua sponte.  *See United States v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) ("a court may raise the issue of Eleventh-Amendment immunity sua sponte").

The Court turns to the claims against defendants Kastner and Laird in their individual capacity.  Counsel has entered an appearance on behalf of defendants Kastner and Laird.  Docket No. 59.  However, defendants Kastner and Laird did not join in defendant Daniels' motion for summary judgment on the issue of exhaustion.  Thus, it is not clear that the Court can sua sponte dismiss the claims against defendants Kastner and Laird on that basis.  To the extent defendants Kastner and Laird argue that they should be dismissed as defendants for failure to serve or a lack of personal jurisdiction, *id.* at 4, 8, defendants improperly seek affirmative relief in a response brief.  *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.").  To the extent plaintiff has failed to personally serve defendants Kastner and Laird, the Court is obligated under Fed. R. Civ. P. 4(m) to give plaintiff "an opportunity to show why his action should not be dismissed for failure to prosecute." *See Self v. Autoliv, ASP*, 61 F. App'x 583, 584 (10th Cir. 2003).  Thus, before dismissing defendants Kastner and Laird pursuant to Fed. R. Civ. P. 4(m), plaintiff will be afforded an opportunity to show good cause for his failure to properly serve the remaining defendants.

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 60] is **ACCEPTED** in part.  It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 40] is **GRANTED**.  It is further

**ORDERED** that defendant Charles Daniels is dismissed from this case.  It is further

**ORDERED** that the entry of default [Docket No. 52] as to defendant Laird is **VACATED**.  It is further

**ORDERED** that the Motion for Default Judgment [Docket No. 56] is **DENIED** without prejudice.  It is further

**ORDERED** that, **on or before October 24, 2014,** plaintiff shall show cause why defendants Kastner and Laird should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve defendants Kastner and Laird and for failure to prosecute.


DATED September 22, 2014.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge