IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02191-PAB-CBS

COREY BURGESS,

    Plaintiff,

v.

PAUL A. KASTNER and
PAUL M. LAIRD,

    Defendants.

# ORDER

This matter is before the Court on its Order [Docket No. 68] (the "Order") issued on September 22, 2014. As relevant here, the Order dismissed defendant Charles Daniels from the case, dismissed plaintiff's claim against defendant Paul Laird in his official capacity, and ordered plaintiff to show cause why defendant Laird and defendant Paul Kastner should not be dismissed for failure to serve and failure to prosecute. Docket No. 68 at 14-15. After the Court's Order, plaintiff's only remaining claims are his Fifth Amendment claim against defendant Kastner in his official capacity and his Fifth Amendment claims against defendants Laird and Kastner in their individual capacities. *Id.* at 6, 14-15.

The Court turns to plaintiff's Fifth Amendment claim against defendant Kastner in his official capacity. For the reasons stated in the Recommendation of United States Magistrate Judge, Docket No. 60 at 15, and the Court's Order, Docket No. 68 at 14, the Court will sua sponte dismiss without prejudice plaintiff's Fifth Amendment claim against

defendant Kastner in his official capacity. *See United States v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) ("a court may raise the issue of Eleventh-Amendment immunity sua sponte"); *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1 v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("dismissal on sovereign immunity grounds . . . must be without prejudice").

The Court turns to plaintiff's Fifth Amendment claims against defendants Kastner and Laird in their individual capacity. In the Order, the Court directed plaintiff, on or before October 24, 2014, to "show cause why defendants Kastner and Laird should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve defendants Kastner and Laird and for failure to prosecute." Docket No. 68 at 15. Plaintiff has failed to respond to the Court's order to show cause.

A copy of the Order was mailed to plaintiff at his last known address, but was returned as undeliverable. Docket No. 69. According to the Federal Bureau of Prisons website, Mr. Burgess was released on September 2, 2014. Although he is required to do so, *see* D.C.COLO.LCivR 11.1(d), plaintiff has failed to inform the Court of his current mailing address. Plaintiff, therefore, bears responsibility for not receiving a copy of the Order. As a result, the Court finds no reason why plaintiff should not also bear the consequences of failing to respond to the Court's order to show cause.

The Federal Rules of Civil Procedure state:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).[1]  Plaintiff's complaint was filed on August 14, 2013.  Docket No. 1. Thus, plaintiff was given ample time to serve defendants Laird and Kastner, yet failed to do so.  See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996) ("Pro se litigants must follow the requirements of [Rule 4(m) and] inadvertence or negligence alone do not constitute 'good cause' for failure of timely service").  Plaintiff was given an opportunity to show cause why his claims against defendants Laird and Kastner should not be dismissed, but failed to respond.  See Self v. Autoliv, ASP, 61 F. App'x 583, 584 (10th Cir. 2003) ("The district court had an obligation . . . to give [plaintiff] an opportunity to show why his action should not be dismissed.").  The Court declines to afford an additional "permissive extension of time" as contemplated by Rule 4(m).  See Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995).  Thus, the Court finds it appropriate to dismiss without prejudice plaintiff's claims against defendants Laird and Kastner in their individual capacities.  See Fed. R. Civ. P. 4(m).[2]

For the foregoing reasons, it is

**ORDERED** that plaintiff's claim against defendant Kastner in his official capacity is dismissed without prejudice.  It is further

**ORDERED** that plaintiff's claims against defendants Laird and Kastner in their individual capacities are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). It is further

---

[1] Rule 4 was amended in 1993 and Rule 4(j) was recodified as Rule 4(m). Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995).

[2] The Court does not reach the question of whether plaintiff's claims against defendants Laird and Kastner in their individual capacities should be dismissed for failure to prosecute.

**ORDERED** that this case is dismissed in its entirety.

DATED December 23, 2014.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge